UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM N. WHITE,            )
                          )
        Plaintiff,        )
                          )   Cause No. 3:16-cv-63
    vs.                   )
                          )
S. MCDANIEL,              )
                          )
        Defendant.        )

## OPINION AND ORDER

Adam N. White, a *pro se* prisoner, filed a complaint under 42 U.S.C. §1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons below, the complaint is dismissed, and White is granted leave to file an amended complaint.

Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6), so "dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citation omitted); *accord Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That said, *pro se* complaints are to be construed liberally and "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

White asserts a claim under 42 U.S.C. § 1983, which provides a civil cause of action for deprivations of a federal constitutional right by someone acting under the color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). As it stands, White's complaint fails to allege a deprivation of a constitutional right. Although the complaint claims that McDaniel verbally berated White after he asked her to leave the shower area, verbal abuse without something more does not violate a constitutional right. *Compare DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."), *and Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015) (finding verbal abuse that happened in the presence of other inmates was actionable where it "increased the likelihood of sexual assaults" and "may have made him a pariah to his fellow inmates and inflicted significant psychological harm on him[.]"). Here, White claims that McDaniel berated him about the size of his penis, but he does not allege that McDaniel's comment(s) caused him emotional or physical harm or put him at increased risk of future harm by other inmates. As pleaded, McDaniel's conduct does not give rise to a constitutional claim. *See DeWalt*, 224 F.3d at 612.

The complaint also alleges that White was sexually assaulted by McDaniel, but it includes absolutely no factual support for that claim. (DE 1 at 3.) White does not allege

that McDaniel touched or tried to touch him, and the mere fact that McDaniel saw White showering does not constitute sexual assault or plausibly state a constitutional claim. *See Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) ("Surveillance of prisoners is essential . . . Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too[.]"). White simply must be able to plead some additional factual support for this claim to stand. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Although White has failed to plausibly state a claim this time around, the complaint is ambiguous and short on detail, so it is impossible for me to say definitively that he could not do so if given another chance. Therefore, I will give White an opportunity to file an amended complaint, if he believes that he can present the facts necessary to support a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, White should fully explain in his own words what happened, when it happened, where it happened, and who was involved.

Accordingly:

(1) the clerk is **DIRECTED** to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and sent it to White;

(2) White is **GRANTED** leave until and including June 17, 2016, to file an amended complaint; and

(3) White is **CAUTIONED** that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

ENTERED: May 9, 2016.

                                          s/ Philip P. Simon
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT